Argued and submitted October 20, 1982, affirmed in part
and reversed in part October 5, 1983

**PILCHER,**
*Petitioner,*

*v.*

**WATER RESOURCES DIRECTOR
OF OREGON,**
*Respondent.*

(690; CA A23458)

669 P2d 1197

Clark & Clark, Redmond, filed the brief for petitioner.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, and Daryl Dodson Wilson, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioner appeals from a decision by the Water Resources Director of Oregon (Director) that suspended his water well contractor's license and drill machine operator's license for a period of 60 days and ordered petitioner's bonding company to assume responsibility to repair an improperly constructed well.

■ Petitioner contends that the Director erred when he admitted in evidence an Oregon Highway Division laboratory report. The standard for admissibility of evidence is provided in ORS 183.450(1):

> "Irrelevant, immaterial or unduly repetitious evidence shall be excluded * * *. All other evidence of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs shall be admissible. * * *"

The report of the laboratory was not irrelevant, immaterial or unduly repetitious. The purpose of the laboratory analysis was to determine what material could be found in the sample of the well-casing seal. Petitioner's objections here are relevant to the weight given to the report, but do not render it inadmissible. The Director did not err in admitting it.

Petitioner also contends that the suspension order was not supported by substantial evidence. He does not contend that the findings are not supported; they are. Further, those findings support the Director's conclusions of law and the conclusions support the order suspending petitioner's licenses. We affirm that portion of the order.

■ In a supplemental memorandum submitted at the request of the court at oral argument, the Director concedes that he did not have the authority to issue an order binding the bonding company in a suspension-revocation administrative proceeding to which that company was not a party. ORS 537.753(2) gives any person injured by a failure of a licensee to comply with the provisions of the bond a right of action against the bonding company. We agree with the concession and reverse that portion of the order directing petitioner's bonding company, a non-party, to assume responsibility for the improperly constructed well.

Affirmed as to suspension of license; reversed as to responsibility of bonding company.